UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| BRADLEY TROUTMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: |
| | ) |
| ALCOA USA CORP. a/k/a, | ) |
| ALCOA WARRICK, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Bradley Troutman ("Troutman"), by counsel, against Defendant, ALCOA USA Corp. a/k/a ALCOA Warrick, LLC, ("Defendant"), for its discriminatory actions towards him based on his disabilities and retaliation in violation of the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et. seq., and for its retaliatory actions against him in violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et. seq.

**II. PARTIES**

2. Troutman is a citizen of the United States and at all times relevant to this action resided in Owensboro, Kentucky.

3. Defendant is a Foreign For-Profit Corporation, which maintains offices and conducts operations within the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 12117 and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

6. At all times relevant to this action, Troutman was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Troutman is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Troutman's disability and/or Defendant regarded Troutman as being disabled.

8. Troutman exhausted his administrative remedies by timely filing Charges of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability and retaliation. Troutman has filed his Complaint within ninety (90) days of receipt of his Notice of Suit Rights.

9. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

10. Troutman was a qualified and eligible employee as defined by the FMLA.

### IV. FACTUAL ALLEGATIONS

11. Troutman was hired by the Defendant on or about on or about July 21, 2008. Troutman held the position of Electrician and was paid $31 per hour – with significant overtime and benefits.

12. At all times relevant, Troutman met or exceeded Defendant's legitimate performance expectations.

13. Troutman is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8). Defendant knew of Troutman's disability and/or regarded Troutman as being disabled and/or Troutman has a record of being disabled.

14. Troutman is diabetic and afflicted with Gastroparesis - for which he receives continuing medical care and medication for both conditions.

15. As a result, Troutman exercised his rights to intermittent leave pursuant to the FMLA to treat his on-going serious health condition.

16. The Defendant regularly schedules its Electricians to work – overtime, 7 days a week and up to 16 hours per day, but that is not the Defendant's required schedule and is not an essential function of the position.

17. On or about April 8, 2019, due to Troutman's disabilities, his treating physician, Dr. Zouhair Bibi, ordered that Troutman be medically restricted to working 7 days per week, but not more than 8 hours per day, which is a reasonable accommodation under the ADAAA.

18. At the outset, the Defendant ignored Troutman's medical restrictions and kept scheduling him for 16 hour work shifts. As a result, Troutman had to apply for FMLA leave to cover the hours he was scheduled to work in excess of 8 hours, even though Troutman should not have to use FMLA leave to cover overtime hours.

19. The Defendant intentionally kept scheduling Troutman in excess of 8 hours in order to use up all of his FMLA time so it could start disciplining and ultimately terminate his employment.

20. After several months of engaging in a protected activity and complaining about the discrimination and never-ending harassment he was enduring – the Defendant attempted to blame its third party administrator for the FMLA issues and ultimately retaliated against Troutman and attempted to discipline him for alleged attendance issues associated with his disability and FMLA leave.

21. The Defendant finally began discussing an accommodation for his disabilities. Troutman again pointed out to his restrictions from Dr. Bibi that he could work 7 days per week and 8 hours shifts. Terri Riley, a member of Defendant's medical department, attempted to institute a restriction that Troutman could not work more than 40 hours per week, which is clearly not the requested accommodation. The Defendant was attempting to monetarily punish Troutman.

22. On or about August 21, 2019, Troutman resubmitted his ADAAA accommodation request form and order from Dr. Bibi that he work 7 days per week and 8 hours per shift. Importantly, there were plenty of shifts open 7 days per week for Troutman to work. However, the Defendant retaliated against Troutman and had its doctor, Dr. Butler, directly contact Dr. Bibi. Dr. Butler took it upon himself, without ever medically examining Troutman, to change Troutman's restriction to working only 5 days per week, one extra day twice a month and 8 hour shifts only.

23. Then, on or about October 8, 2019, the Defendant called Troutman in for a meeting, excluded Troutman's son from attending the meeting, and coerced Troutman to signing off on the restrictions set by Dr. Butler.

24. Importantly, the Defendant pays time and a half for overtime, time and a half for work on Saturdays and double time for work on Sundays. The Defendant intentionally changed Troutman's restrictions and did not schedule him to work Saturday and Sunday even though there are numerous shifts/hours available.

25. Troutman estimates the loss of these shifts cost him over $45,000 in annual pay.

26. On or about November 19, 2019, Troutman filed a Charge of Discrimination with the EEOC for disability discrimination and retaliation – EEOC Charge No.: 470-2020-00633 against the Defendant.

27. The Defendant continued with the discriminatory treatment of Troutman – significantly impacting his financial, physical, and mental health. As a result, Troutman was constructively discharged from his employment with the Defendant on or about April 9, 2021.

## V. LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION

28. Troutman hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29. Defendant violated Troutman's rights by discriminating against him, failing to accommodate him, cutting his hours, subjecting him to a hostile work environment, and constructively discharging him due to his disabilities.

30. Defendant's actions were intentional, willful and in reckless disregard of Troutman's rights as protected by the ADAAA.

31. Troutman has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT II – ADAAA RETALIATION

32. Troutman hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint.

33. Defendant violated Troutman's rights by discriminating against him, failing to accommodate him, cutting his hours, subjecting him to a hostile work environment, and constructively discharging him in retaliation for engaging in a protected activity.

34. Defendant's actions were intentional, willful and in reckless disregard of Troutman's rights as protected by the ADAAA.

35. Troutman has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III – VIOLATIONS OF THE FMLA

36. Troutman hereby incorporates paragraphs one (1) through thirty-five (35) of his Complaint.

37. Defendant discriminated against Troutman, failing to accommodate him, cutting his hours, subjecting him to a hostile work environment, and constructively discharging him in retaliation for exercising his rights under the FMLA and/or for his prospective use of FMLA.

38. Defendant's actions were intentional, willful and in reckless disregard of Troutman's rights as protected by the FMLA.

39. Troutman suffered damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Bradley Troutman, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to his full-time position, with the pay and benefits he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay to Plaintiff all of his lost wages and benefits – including, but not limited to, his lost overtime and weekend shift pay;

3. Enjoin Defendant from further discriminatory actions against any employee based on their disability or use of FMLA leave;

4. Award Plaintiff any pay raises or promotions he should have received absent Defendant's discriminatory actions;

5. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

6. Pay to Plaintiff liquidated damages due to Defendant willful violation of the FMLA;

7. Pay to Plaintiff punitive damages;

8. Pay to Plaintiff pre- and post-judgment interest;

9. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

10. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Bradley Troutman*

**DEMAND FOR JURY TRIAL**

Plaintiff, Bradley Troutman, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Bradley Troutman*